UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOHN PRIOR, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | No. 16-cv-00237-DBH |
| CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security,* | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the administrative law judge erred in determining his residual functional capacity ("RFC") when she (i) relied on the opinion of an agency nonexamining consultant, Donald Trumbull, M.D., who reviewed a materially incomplete record, (ii) assessed no limitations related to irritable bowel syndrome ("IBS"), and (iii) failed to supply adequate reasons for rejecting the physical RFC opinion of treating source Raymond W. Fluke, M.D. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 4-11. He contends that these errors were outcome-determinative, undermining the administrative law judge's conclusion that he retained the capacity

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 16, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

to perform other work existing in significant numbers in the national economy. *See id*. at 11-13. I agree that the administrative law judge erred in all three respects and that two of the errors were not harmless. Accordingly, I recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2015, Finding 1, Record at 16; that he had severe impairments of degenerative disc disease of the lumbar spine and IBS, Finding 3, *id*.; that he retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), could lift/carry 10 pounds frequently and 20 pounds occasionally, could sit for about six hours and stand/walk for about six hours in an eight-hour workday, and could occasionally climb ladders, ropes, scaffolds, ramps, and stairs, balance, stoop, kneel, crouch, and crawl, Finding 5, *id*. at 17-18; that, considering his age (48 years old, defined as a younger individual, on his alleged disability onset date, December 24, 2009, and 50 years old, defined as an individual closely approaching advanced age, on October 18, 2011), education (high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 23; and that he, therefore, had not been disabled from December 24, 2009, through the date of the decision, October 30, 2014, Finding 11, *id*. at 24. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Handling of Treating Physician RFC Opinion

The plaintiff's treating physician, Dr. Fluke, submitted two RFC opinions dated June 20, 2014, one touching on the plaintiff's physical RFC and the other on his mental RFC. *See* Record at 825-30. In his physical RFC opinion, Dr. Fluke assessed the plaintiff, in relevant part, as able to stand and/or walk for less than two hours in an eight-hour workday and sit for less than six hours in an eight-hour workday. *See id*. at 825-26.

After summarizing each of Dr. Fluke's opinions, the administrative law judge wrote:

> The undersigned gives little weight to Dr. Fluke. He has only been treating the [plaintiff] for 8 months or so. Contradicting his opinion is an evaluation from VA [U.S. Department of Veterans Affairs] Mental Health at Exhibit 27F with no diagnoses found and a GAF [Global Assessment of Functioning] of 80. It is also noted that the [plaintiff] was not allowed for PTSD [post-traumatic stress disorder] in the VA Ratings.

3

*Id.* at 22.

In so doing, as the plaintiff complains, *see* Statement of Errors at 6-7, the administrative law judge in effect ignored Dr. Fluke's physical RFC opinion. The only point she made that arguably pertains to that opinion is that Dr. Fluke had been treating the plaintiff for only approximately eight months. *See* Record at 22. However, that in itself is not a good reason to have accorded the opinion little weight. *See, e.g., Johnson v. Astrue*, 597 F.3d 409, 411 (1st Cir. 2009) (fact that treating physician had seen claimant only three times at roughly three-month intervals did not constitute good reason to reject his opinion in absence of any explanation for, or citation in support of, administrative law judge's belief that treatment relationship had been too attenuated to enable treating physician to offer an informed opinion about claimant's physical capabilities; nor was that obvious to a layperson).

The commissioner argues that this case is distinguishable from *Johnson* in that here, the administrative law judge provided additional reasons, besides length of the treating relationship, for discounting the Fluke opinions. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 7. However, in support of that point, she relies on reasons given to discount Dr. Fluke's mental RFC opinion and on separate portions of the decision generally discussing the evidence bearing on RFC. *See id.* at 7-8. At oral argument, her counsel contended that the administrative law judge's critique of Dr. Fluke's mental RFC opinion called into question the reliability of both opinions.

This simply is too great a stretch. An administrative law judge must supply good reasons for her handling of every treating physician opinion. *See, e.g.*, 20 C.F.R. § 404.1527(c) & (c)(2) ("Regardless of its source, we will evaluate every medical opinion we receive. . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating

source's opinion."). The administrative law judge neither stated that the reasons she gave for discounting Dr. Fluke's mental RFC opinion pertained to his physical RFC opinion nor incorporated by reference (or otherwise alluded to) other portions of her decision in addressing the Fluke physical RFC opinion. She offered only one reason for according it little weight: the length of the treatment relationship. *See* Record at 22. Her handling of that opinion, thus, is indistinguishable from that found wanting in *Johnson*. If anything, in *Johnson*, the administrative law judge provided a more fulsome discussion, offering several reasons for discounting the treating physician opinion at issue, although the First Circuit ultimately deemed all of them unpersuasive. *See Johnson*, 597 F.3d at 411-12.

As the plaintiff observes, *see* Statement of Errors at 10-11, this court has held that, in circumstances in which a treating physician has offered a material opinion conflicting with the finding of an administrative law judge, a failure to address that opinion warrants remand, *see, e.g., Libby v. Astrue*, No. 2:10-cv-265-GZS, 2011 WL 2531152, at *3 (D. Me. June 24, 2011) (rec. dec., *aff'd* July 21, 2011); *Miller v. Astrue*, Civil No. 09-156-B-W, 2010 WL 1935752, at *3 (D. Me. May 10, 2010) (rec. dec., *aff'd* May 28, 2010); *Harthorne v. Astrue*, Civil No. 08-120-B-W, 2008 WL 4937806, at *5 (D. Me. Nov. 16, 2008) (rec. dec., *aff'd* Dec. 8, 2008).

Nonetheless, the commissioner argues in the alternative that, even if the administrative law judge failed to supply good reasons for her handling of the Fluke physical RFC opinion, the error is harmless because other evidence of record supports her physical RFC determination, including her discussion of Dr. Fluke's treatment records and the opinion of Dr. Trumbull. *See* Opposition at 8. She cites *Williams v. Colvin*, No. 2:13-cv-00125-JAW, 2014 WL 220744, at *5 (D. Me. Jan. 21, 2014), for the proposition that error in assessing a treating physician opinion does not require

5

remand when there is other medical evidence of record supporting the RFC assessed by an administrative law judge. *See id*.

*Williams* is distinguishable. There, the court found that, assuming *arguendo* that the administrative law judge's critique of a treating physician opinion was flawed, the claimant had failed to show that the error was not harmless. *See Williams*, 2014 WL 220744, at *5. In that context, the court went on to note that the record contained substantial evidence in support of the RFC determination. *See id*.

In this case, by contrast, the plaintiff persuasively argues that the error was not harmless. As he suggests, *see* Statement of Errors at 12-13, and as counsel for the commissioner acknowledged at oral argument, the adoption of the Fluke physical RFC opinion would have ruled out the three jobs on which the administrative law judge relied at Step 5, all of which a vocational expert testified are classified as "light": cleaner-housekeeping, sales attendant, and cashier II, *see* Record at 23, 73; *see also* Social Security Ruling 83-10, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 ("SSR 83-10"), at 29 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Indeed, adoption of the Fluke physical RFC opinion would have ruled out even a full range of sedentary work, which is "performed primarily in a seated position" and with respect to which "sitting should generally total approximately 6 hours of an 8-hour workday." *Id*. As the plaintiff points out, *see* Statement of Errors at 11-12, had he been deemed limited to at most sedentary work, the commissioner's Medical-Vocational Guidelines (the "Grid"), contained in Appendix 2 to Subpart P, 20 C.F.R. § 404, would have directed a determination that he was disabled as of age 50, *see* Grid § 201.14.

In these circumstances, even assuming *arguendo* that the Trumbull RFC opinion could stand as substantial evidence of the plaintiff's physical RFC, the administrative law judge's reliance on that opinion would not salvage the decision. *See, e.g., Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).

A court cannot step into the breach and resolve such a material evidentiary conflict in the first instance on review. *See, e.g.,* Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2016) ("SSR 96-8p"), at 149 ("In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.") (footnote omitted); *Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

This fundamental failure of adjudication necessitates reversal and remand for further proceedings, affording the plaintiff the benefit of a considered choice between the clashing physical RFC assessments of record.

### B. Reliance on Agency Nonexamining Consultant's RFC Opinion

The plaintiff next faults the administrative law judge's reliance on the RFC opinion of Dr. Trumbull, asserting that the Trumbull opinion could not stand as substantial evidence of his RFC

because Dr. Trumbull, whose opinion is dated March 25, 2013, did not have the benefit of review of either an August 16, 2013, Spinal Cord Injury Compensation and Pension Examination Report ("C&P Exam Report") by VA physician Earl R. Parson or Dr. Fluke's June 20, 2014, physical RFC opinion. *See* Statement of Errors at 4-5, 9; Record at 111-12, 825-28, 854-65.

"[T]he amount of weight that can properly be given the conclusions of non-testifying, nonexamining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert." *Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) (citations and internal quotation marks omitted). "In some cases, written reports submitted by nontestifying, nonexamining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).

"This court has noted that there is no bright-line test of when reliance on a nonexamining expert consultant is permissible in determining a claimant's physical or mental RFC, although factors to be considered include the completeness of the consultant's review of the full record and whether portions of the record unseen by the consultant reflect material change or are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the administrative law judge." *LaFlamme v. Colvin*, No. 1:14-cv-57-DBH, 2015 WL 519422, at *8 (D. Me. Feb. 6, 2015) (citation and internal punctuation omitted).

The parties disagree as to whether the Parson C&P Exam Report is cumulative of evidence that Dr. Trumbull saw. *Compare* Statement of Errors at 4-5 *with* Opposition at 6. However, even assuming that it is, the fact that Dr. Trumbull did not see the outcome-determinative Fluke physical RFC opinion undermines the administrative law judge's reliance on the Trumbull opinion in these circumstances, in which she provided no good reason for discounting the Fluke opinion. *Compare, e.g.*, *Ball v. Social Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *6 (D. Me.

Mar. 2, 2015) (fact that agency nonexamining consultant on whose opinion administrative law judge relied did not see later submitted treating physician opinion was "immaterial" when "the administrative law judge supportably gave it little weight") (citation and footnote omitted).

On this basis, as well, remand is warranted.

### C. Failure To Assess Limitations Related to IBS

The plaintiff finally faults the administrative law judge for deeming his IBS severe but then failing to assess any limitations related to it. *See* Statement of Errors at 5-6. As he points out, Dr. Trumbull deemed the condition nonsevere and, thus, assessed no limitations stemming from it. *See id.* at 5; Record at 109, 111-12. He notes that the VA concluded that his IBS, by itself, precluded his former work as a truck driver, arguing that this calls into question how he could perform work as a cleaner-housekeeper, a sales attendant, or a cashier II. *See* Statement of Errors at 5-6.

At oral argument, the plaintiff's counsel underscored that the administrative law judge failed to explain why she found his client's IBS severe, even though Dr. Trumbull and his colleague, Lawrence P. Johnson, M.D., had not, or how her "limitation to light work with postural limitations t[ook] into account any limitations that would stem from irritable bowel syndrome." Record at 22; *see also id.* at 97, 109.

The plaintiff's counsel reasonably surmised that the administrative law judge must have relied on evidence unseen by Dr. Trumbull, possibly including (i) the plaintiff's testimony that he sometimes suffered from IBS symptoms for an hour in the morning and, at other times, for as many as five to six hours in a day, *see id.* at 50, (ii) a February 28, 2012, C&P Exam Report by Eric M. Elliot, PA-C, indicating that the plaintiff had frequent episodes of bowel disturbance with abdominal distress, precluding his ability to return to work as a truck driver, *see id.* at 817, 820-21, and (iii) a June 20, 2014, progress note of Dr. Fluke indicating that the plaintiff reported having

numerous bowel movements in the first couple of hours after he awoke, although he seemed "OK later in the day[,]" *id*. at 833. He added that the administrative law judge purported to make allowance for his client's IBS symptoms through restrictions that address strength limitations – not a person's need to make sudden, possibly numerous, trips to the bathroom.

I agree. The administrative law judge found that the plaintiff suffered a severe IBS condition requiring some accommodation. *See id*. at 22. However, she neither relied on medical expert advice nor made a permissible commonsense judgment in concluding that a limitation to light work with postural restrictions was an appropriate accommodation for the plaintiff's IBS. This was error. *See, e.g., Gordils v. Secretary of Health & Human Servs.,* 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record.").

Nonetheless, as the commissioner points out, *see* Opposition at 9, the plaintiff relies for purposes of demonstrating harmful error on vocational expert testimony that is unsupported by any evidence of record – namely, that he would have been off task up to a third of the day due to pain symptoms and IBS, precluding the performance of any of the three jobs on which the administrative law judge relied at Step 5, *see* Statement of Errors at 6; Record at 23, 75.

At oral argument, the plaintiff's counsel endeavored to rectify this problem, discussing at some length why, in his view, IBS symptoms would preclude the performance of any of the three jobs at issue (cashier, sales attendant, and cleaner). As counsel for the commissioner rejoined, the plaintiff did not make this argument in his Statement of Errors, thereby waiving it. *See, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006). In any event, as counsel for the commissioner added, even had the argument not been

waived it would not have prevailed, as counsel identified no record evidence in support of his observations.

The error, accordingly, is harmless. However, should the court agree that remand is warranted on the basis of one or both of the plaintiff's remaining points of error, I perceive no reason why the commissioner should not endeavor to correct this error, as well.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
